IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISRAEL APONTE VERAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security | : | NO. 19-5200 |

# **MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                          February 10, 2020

      Israel Aponte Veras ("Plaintiff") filed a Complaint seeking judicial review of the Commissioner's adverse decision on his claim for supplemental security income. Doc. 2. Before Plaintiff submitted a brief in support of his request for review, the Commissioner filed an uncontested motion for remand. Doc. 12. After reviewing the Defendant's motion and the administrative record, I will grant Defendant's motion.[1]

      Neither the complaint nor Defendant's motion identifies the specific errors in the Administrative Law Judge's ("ALJ") decision that merit remand. The Commissioner's motion states that "[u]pon further review, the Commissioner has determined that further evaluation of Plaintiff's claim is warranted." Doc. 12 ¶ 2. Further, the Commissioner represents that "[u]pon remand, the Appeals Council will assign this matter to an [ALJ] to reassess Plaintiff's residual functional capacity, and to offer a new hearing and issue a new decision." Id. ¶ 3.

---

      [1]The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 9.

At the administrative hearing, Plaintiff argued through counsel that he suffers from chronic obstructive pulmonary disease, causing dyspnea on exertion, fatigue and shortness of breath, "uncontrolled, severe, persistent asthma" with no significant response to bronchodilators, chronic pancreatitis, and ongoing abdominal pain, and that he is consistently treated for major depressive disorder and generalized anxiety disorder. Tr. at 41-42. Plaintiff referred to a mental work capacity evaluation in which his treating psychiatrist found limitations that would preclude work, and a physical RFC assessment from Plaintiff's primary care physician also finding work preclusive limitations. Id. (citing id. at 452-54 (Dr. Chang), 456-57 (Dr. Walinsky-King)). In her October 3, 2018, decision, the ALJ found that Plaintiff had several severe impairments (depression, anxiety, post-traumatic stress disorder, chronic obstructive pulmonary disease, and asthma), but that he retained the RFC to perform a limited range of light work and that there were jobs that Plaintiff could perform. Id. at 22, 25, 30. The ALJ gave partial weight to the assessments of Plaintiff's treating physicians, and greater weight to certain assessments of consultative examiners and reviewers. Id. at 28-29 (citing id. at 75-77 (Dr. Maas), 77-79 (Dr. Urbanowicz), 419-30 (Dr. Woll)).

I also note that one of the grounds Plaintiff raised at the Appeals Council level was that the ALJ was not properly appointed under the Appointments Clause and thus lacked the authority to preside and issue a decision. Tr. at 281 (citing Lucia v. SEC, 138 S. Ct. 2044 (2019)). The Third Circuit recently ruled that a Lucia claim is not waived even if it was not raised at the administrative level, and that to remedy a Lucia error the court must

remand to a properly appointed ALJ other than the ALJ whose decision is under review. See Cirko v. Comm'r of Soc. Sec., __ F.3d __, 2020 WL 370832 (3d Cir. Jan. 23, 2020).

As noted, the Commissioner moved for remand before Plaintiff filed a brief, therefore neither party has identified the errors meriting a reversal of the ALJ's decision. Nevertheless, Plaintiff through counsel has consented to the motion for remand. Doc. 12 ¶ 6. I will accept the considered judgment of both parties that remand is appropriate. If the ALJ who initially decided Plaintiff's case was not properly appointed at the time of the proceedings before her, the Commissioner shall assign the matter to a different ALJ who was properly appointed.

An appropriate Order and Judgment Order follow.